# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-2229

_____

United States of America

*Plaintiff - Appellee*

v.

Christopher Plenty Chief

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Northern

_____

Submitted: November 14, 2022
Filed: February 15, 2023
[Unpublished]

_____

Before BENTON, KELLY, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

     Christopher Plenty Chief pleaded guilty to one count of assault resulting in substantial bodily injury to a spouse or intimate partner, in violation of 18 U.S.C. § 113(a)(7), and was sentenced to 24 months in prison and a three-year term of supervised release. In 2019, Plenty Chief's term of supervised release was revoked after he violated the conditions of release. His supervision was revoked again in

2021.  On June 6, 2022, his supervised release was revoked for a third time, and the district court[1] imposed a sentence of 24-months' imprisonment with no supervision to follow.  Plenty Chief appeals.

At the hearing for his third revocation, Plenty Chief admitted to two violations of his supervised release conditions:  unlawful use of a controlled substance and possession of a dangerous weapon, both Grade C violations.  The advisory Guidelines range was 8–14 months, and the parties jointly recommended a sentence of 14-months' imprisonment, with no supervision to follow.  Plenty Chief argues that the district court's decision to disregard this recommendation and impose a sentence above the advisory range resulted in a substantively unreasonable sentence.

We review revocation sentences under the same reasonableness standard applied to initial sentences.  United States v. Wilkins, 909 F.3d 915, 917 (8th Cir. 2018) ("[T]he substantive reasonableness of a revocation sentence is reviewed 'under a deferential abuse-of-discretion standard.'" (citation omitted)).  "A district court abuses its discretion and imposes an unreasonable sentence when it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors." Id. (alteration and citation omitted).

Plenty Chief first argues that the district court gave too much weight to his prior criminal record and the conduct underlying his supervised release violations.  Specifically, he contends that because criminal history and severity of conduct are already considered in determining the advisory Guidelines range, see USSG §§ 7B1.1, 7B1.4, it was error for the district court to rely on those factors in varying his sentence upward.  But Plenty Chief's argument overlooks the fact that the district court primarily relied on other factors in reaching its sentencing decision.  The district court emphasized that Plenty Chief had already been sentenced to a term of

---

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

-2-

14 months' imprisonment after each of his first two revocations. Those sentences had not, in the district court's view, accomplished the goal of helping Plenty Chief to "recover . . . [from] criminal conduct" and avoid "further trouble." To impose the same sentence yet again would fail to reflect Plenty Chief's "course of escalating criminal conduct." The district court also noted, without objection, that Plenty Chief had previously received a "tremendous benefit" from his original plea agreement, which lowered the advisory Guidelines range applicable to his offense of conviction. See USSG § 7B1.4, comment. (n.4). These are all permissible factors for the district court to consider, 18 U.S.C. § 3583(e), and the record does not support the claim that the district court relied too heavily on factors already taken into account by the Guidelines.

Plenty Chief next argues that the district court failed to give sufficient weight to the positive steps he had taken toward compliance with the terms of his supervision, including moving to a new city, finding new friends, and scheduling a chemical dependency evaluation. We see no error in the district court's decision not to give greater weight to these efforts, particularly considering the difficulties Plenty Chief had with supervision. The district court stated it could see nothing that Plenty Chief had done to "work with [his] probation officer to help turn his life around." The district court has wide latitude in weighing the relevant factors when imposing a sentence, see United States v. Barber, 4 F.4th 689, 692 (8th Cir. 2021), and we discern no abuse of discretion in how the district court did so in this case.

The judgment of the district court is affirmed.

_____